# CASES

IN THE

# SUPREME JUDICIAL COURT,

IN THE

COUNTY OF PENOBSCOT, JUNE TERM, 1841.

---

### JEREMIAH P. FOWLES *versus* SIMON PINDAR & *als.*

The admission, on the back of the receipt, by the receiptors of personal property which had been attached, of a "due and legal demand," is not sufficient proof of the continuance of the lien upon the property, or that the demand was made within thirty days from the rendition of judgment. [EMERY J. dissenting.]

Where by the terms of the receipt, a demand on one is to have the same effect as if made upon all, whether the admission of one upon other points should be conclusive upon the other receiptors — *quære.*

THIS was an action of assumpsit upon a receipt for property attached by the plaintiff, as a deputy sheriff, in a suit in favor of *Samuel H. Blake* v. *Samuel McGaffy & al.* and dated July 8, 1836.

The plaintiff introduced a receipt, in the usual form, signed by the defendants, for certain property attached in the suit, *Blake* v. *M'Gaffy & al.* which was returnable to the next October term of the S. J. Court, by which they promised safely to keep the property attached, and return the same to said Fowles, or his successor; and further agreed that a demand on any one of them should be binding on the whole.

On the back of this was the following indorsement:

"Sept. 29, 1837. I hereby acknowledge a due and legal demand made by the within named Fowles, for the property mentioned in the within receipt; and also a demand made by

A. H. Hitchcock, deputy sheriff, he having the execution present at the time. Samuel McGaffy."

Upon this evidence, EMERY J. before whom the trial was had, instructed the jury that the admission of McGaffy on the back of said receipt, was sufficient proof of the defendants' liability, and that the measure of damages was the value of such of the property attached, as was really the property of the debtor, and interest from the demand, and from the admission they were authorized to presume and infer that all necessary steps had been taken to charge the receiptors.

The jury returned a verdict for the plaintiff and the defendants filed exceptions to the above ruling of the Court.

*Rogers*, for the defendants. There is no proof that there was a judgment; or if one, when it was obtained, or when execution issued thereon, if at all. It does not appear that the execution issued within thirty days from the rendition of judgment. The plaintiff here seeks to recover without showing any liability over. The language of the indorsement imports no more than that a demand has been made. It does not prove the existence of a judgment or the issuing of an execution. Those facts can only be proved by the records of the Court.

*Blake*, for the plaintiff. A " due and legal demand " is admitted. Legal would have no meaning unless it were made within the thirty days from the rendition of judgment. Fowles had all the notice necessary to protect himself, and to fix the liability of the defendants. *Carr* v. *Farley*, 3 *Fairf.* 329; *Jewett* v. *Torrey*, 11 Mass. R. 219.

The opinion of the Court (EMERY J. dissenting,) was delivered by

WESTON C. J.— A receipt given to an officer, upon the attachment of personal property, is an instrument much in use, and has often been presented to the consideration of the Court. It is designed for the security of the officer, and for that alone. Hence if the attachment is dissolved, and the property has gone back to the debtor, the officer can recover

only nominal damages upon the receipt. *Norris* v. *Bridgham*, 14 Maine R. 429, and the cases there cited.

In order therefore to hold the receiptors liable for the value of the property, to respond the judgment of the attaching creditor, a demand therefor is to be made within thirty days from the rendition of judgment, by an officer having the execution, which issued thereon. A demand upon one, is by the terms of the receipt in question, to have the same effect, as if made upon all. It may admit of question, whether the admission of one, upon other points should be conclusive upon the other receiptors. If false in fact, they should be permitted to disprove the admission, as fraudulent and collusive. But taking all the admissions, indorsed on the receipt, to be true, they are not sufficient to show the liability of the plaintiff to the creditor. "A due and legal" demand is thereby admitted, both by the plaintiff and by the officer having the execution. If it could have been obtained, while remaining the property of the debtor, the officer to whom the service of the execution was confided, was bound to seize and sell it, according to law. And it may have been duly and legally demanded for this purpose, although the thirty days from the judgment had then elapsed. It is contended, that the admission of the continuance of the lien, is implied by the terms, due and legal. This may have been intended ; but a majority of the Court do not regard it as sufficiently explicit to amount to affirmative proof, that the demand was made, within the thirty days. If such was the fact, it may be shown on another trial.                              *New trial granted.*

EMERY J. — Here was no proposition to disprove the admission as fraudulent and collusive. In the receipt, it was agreed by all the signers of it, "that a demand on any one of them for said property shall be binding on the whole." And on the 29th of Sept. 1837, Samuel McGaffy, one of the signers of the receipt, in writing by him signed, on the back of the receipt says, "I hereby acknowledge a due and legal demand, made by the within named Fowles for the property

mentioned in the within receipt, and also a demand made by A. H. Hitchcock, deputy sheriff, he having the execution present at the time."

From this it appears to me, that the jury were authorized to presume and infer that all necessary steps were taken to charge the receiptors ; especially as there was no opposing evidence. It constituted a _prima facie_ case for the plaintiff. _Carr_ v. _Farley_, 3 Fairf. 328.

In my judgment a new trial ought not to be granted.